UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MLM EXPRESS COURIER & FREIGHT SERVICE LLC, )<br>)<br>Plaintiff, )<br>)<br>VS. )<br>)<br>ENOPOLY AUTOMATION LLC and )<br>CREDITANTIDOTE LLC, )<br>)<br>Defendants. ) | CIVIL ACTION NO.<br><br>3:23-CV-0368-G |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of the defendant Enopoly Automation LLC ("Enopoly") to dismiss the claims of the plaintiff MLM Express Courier & Freight Services LLC ("MLM" or "the plaintiff") (docket entry 15).  For the reasons set forth below, the motion is granted.

I.  BACKGROUND

MLM contends that "[t]his lawsuit arises from a series of events surrounding a contract between Defendants ENOPOLY AUTOMATIOM [sic] LLC, AND CREDITANTIDOTE LLC and Plaintiff . . . signed on or about March 16, 2021.

Exhibit A" Plaintiffs' [sic] Third Amended Complaint[1] ("Complaint") (docket entry 11) ¶ 4.1 (emphasis omitted). On or about March 11, 2021, MLM held a Zoom meeting with Vladyslav Varizhuk ("Varizhuk") of Enopoly to discuss a possible joint venture. *Id*. ¶ 4.2. MLM alleges that during the meeting, Varizhuk "showed Plaintiff information and graphics from other stores that he said Enopoly Automation LLC managed on Walmart's E-Commerce Marketplace web site." *Id*. (emphasis omitted).

MLM contends, in pertinent part, as follows:

> On March 16, 2021, Vladyslan [sic] Varizhuk emailed MLM EXPRESS COURIER & FREIGHT SERVICE LLC, a contract from Credit Antidote LLC, and did NOT advise MLM Express Courier freight Service LLC, that he was not co-owner or had any partnership or part of Credit Antidote LLC business operations and Enopoly Automation would Not be managing and staffing the store. MLM EXPRESS COURUIER [sic] & FRIEGHT [sic] SEWRVICE [sic] LLC, never discussed signing a contract with Credit Antidote LLC, or any of its owners or members not knowing who they were. Enopoly Automation LLC or Credit Antidote LLC never produced MLM EXPRES [sic] COURIER & FREIFGHT [sic] SERVICE LLC, a signed contract by Enopoly Automation LLC, or Credit Antidote LLC. See Exhibit A.

*Id*. ¶ 4.3 (emphasis omitted).

---

[1] Although the plaintiff references Exhibit A, Exhibit B, Exhibit C, Exhibit D, and Exhibit E in its third amended complaint, there are in fact no exhibits attached to the complaint. Additionally, "[a]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam) (citation omitted).

Enopoly maintains that "on March 16, 2021, Plaintiff signed an unambiguous Client Subscription Contract . . . with **Credit Antidote**, not Enopoly, to purchase and manage a Walmart E-Commerce Store." Brief in Support of Defendant Enopoly Automation LLC's Motion to Dismiss Plaintiffs' Third Amended Complaint with Prejudice ("Brief") (docket entry 16) at 1-2; see also *id*. at 7, 9 ("Enopoly was neither a signatory nor bound by the Client Contract."); Defendant Enopoly Automation LLC's Motion to Dismiss Plaintiffs' Third Amended Complaint with Prejudice ("Motion") (docket entry 15) at 2.

On September 1, 2021, the Walmart E-Commerce department suspended MLM's online store, Complaint ¶ 4.4, and on or about October 27, 2021, terminated its contract with MLM due to "invalid tracking[,]" *id*. ¶ 4.6. Thereafter, MLM "demanded to be refunded the $27,500 dollar fee paid by Plaintiff to Defendants [, but] Defendants refused." *Id*.

On February 17, 2023, MLM filed this suit against Enopoly and CreditAntidote LLC ("CreditAntidote"). *See generally* Plaintiffs' [sic] Original Petition (docket entry 1). On February 28, 2023, March 1, 2023, and March 3, 2023, MLM amended its complaint. *See generally* Plaintiffs' [sic] First Amended Complaint (docket entry 6); Plaintiffs' [sic] Second Amended Complaint (docket entry 9); Complaint. MLM asserts claims for fraud and breach of contract against both defendants and seeks $100,000 in exemplary damages. *See generally* Complaint.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Enopoly seeks dismissal of MLM's claims against it.[2] *See generally* Motion. The thrust of the motion to dismiss is that MLM has failed to state claims upon which this court could grant it relief. MLM failed to respond to the motion.

## II. ANALYSIS

### A. Legal Standards

#### 1. Standard for Dismissal Under Rule 12(b)(6)

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." *Twombly*, 550 U.S. at 555 (citations, quotations marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that

---

[2] CreditAntidote has not appeared in this action. A summons must be served with a copy of the complaint. FED. R. CIV. P. 4(c)(1). The record only shows that CreditAntidote was served a copy of the *summons* on February 27, 2023. *See* Proof of Service (docket entry 17). Thus, it is unclear to the court if CreditAntidote was served with a copy of the complaint.

all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id*. (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679. The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief." *Id*. The plausibility principle does not convert the Rule 8(a)(2) notice pleading standard to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id*. at 678. The plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679 (alteration in original) (quoting Federal Rule of Civil

Procedure 8(a)(2)). The court, drawing on its judicial experience and common sense, must undertake the "context-specific task" of determining whether the plaintiff's allegations "nudge" its claims against the defendant "across the line from conceivable to plausible." See *id*. at 679, 683.

### 2. Rule 9(b) Standard

Under Federal Rule of Civil Procedure 9(b), a plaintiff must state with particularity the circumstances establishing a claim of fraud.[3] FED. R. CIV. P. 9(b). What constitutes particularity will "necessarily differ with the facts of each case." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992). At a minimum, courts require the plaintiff to specifically state the time, place, and contents of the alleged false representation, as well as the identity of the person making the alleged misrepresentation and what that person obtained thereby. See *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir.) (citing *Tuchman v. DSC Communications Corporation*, 14 F.3d 1061, 1068 (5th Cir. 1994)), *cert. denied*, 522 U.S. 966 (1997); see also *United States ex rel. Doe v. Dow Chemical Company*, 343 F.3d 325, 328 (5th Cir. 2003) ("At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud.") (citation omitted). "Anything less fails

---

[3] Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id*.

to provide defendants with adequate notice of the nature and grounds of the claim." *Hart v. Bayer Corporation*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citing *Tuchman*, 14 F.3d at 1067). Dismissal of a fraud claim for failure to plead the claim with particularity under Rule 9(b) is treated as a dismissal for failure to state a claim under Rule 12(b)(6). See *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

### B. Application

#### 1. Breach of Contract

Enopoly contends that MLM failed to plausibly state a claim for breach of contract because Enopoly was not a party to the contract. Motion at 2; *see also* Brief at 10 ("Plaintiff does not – and cannot – allege that Credit Antidote was authorized to enter into the Subscription Contract on behalf of Enopoly or otherwise bind Enopoly to the Agreement."). Under Texas law, to establish a breach of contract claim, a plaintiff must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages suffered by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citation omitted); see also *Pathfinder Oil & Gas, Inc. v. Great Western Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019) (citation omitted). Here, the complaint fails to sufficiently plead the elements necessary for a breach of contract claim. Thus, the court concludes that MLM's allegations are not "enough to raise a right to relief above the speculative level . . . ." *In re Katrina Canal*,

495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted); see also *Inge v. Walker*, No. 3:16-CV-0042-B, 2017 WL 4838981, at *6 (N.D. Tex. Oct. 26, 2017) (Boyle, J.) ("Merely stating that a contract exists is not enough to survive dismissal . . . ."). Therefore, MLM has failed to sufficiently allege a claim for breach of contract against Enopoly. Accordingly, Enopoly's motion to dismiss MLM's breach of contract claim against it for failure to state a claim upon which relief can be granted is granted.

### 2. Fraud

Enopoly contends that MLM has not alleged sufficient, particular facts to support a claim of fraud. *See* Motion at 2; Brief at 3-9. To state a cause of action for common law fraud under Texas law, MLM must allege sufficient facts to show: "(1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury." *Howley v. Bankers Standard Insurance Company*, No. 20-10940, 2022 WL 576403, at *3-*4 (5th Cir. Feb. 25, 2022) (per curiam) (citing *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009) (quotation omitted)); see also *Norman v. Apache Corporation*, 19 F.3d 1017, 1022 (5th Cir. 1994). Under Texas law, to state a claim for fraud based upon an affirmative false representation, a plaintiff

must allege that a defendant made "'a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of the truth, which was intended to be acted upon, which was relied upon, and which caused injury.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 341 (5th Cir. 2008) (quoting *Johnson & Johnson Medical, Inc. v. Sanchez*, 924 S.W.2d 925, 929-30 (Tex. 1996)).

Instead of requiring an affirmative misrepresentation like common law fraud, for an actionable nondisclosure fraud to lie, Texas law requires the plaintiff to allege that: (1) the defendant concealed or failed to disclose a material fact that it knew the plaintiff was ignorant of or did not have the opportunity to discover; (2) the defendant intended to induce the plaintiff to take some action by concealing or failing to disclose the material fact; and (3) the plaintiff suffered harm as a result of acting on the defendant's nondisclosure. *Dorsey*, 540 F.3d at 341 (citing *Bradford v. Vento*, 48 S.W.3d 749, 754-55 (Tex. 2001)). Fraud by nondisclosure is predicated on a duty to disclose.[4] *Id.* (citation omitted).

---

[4] Texas law provides that a duty to disclose may arise in the following situations: "(1) when there is a fiduciary relationship; (2) when one voluntarily discloses information, the whole truth must be disclosed; (3) when one makes a representation, new information must be disclosed when that new information makes the earlier representation misleading or untrue; and (4) when one makes a partial disclosure and conveys a false impression." *Hoggett v. Brown*, 971 S.W.2d 472, 487 (Tex. App. – Houston [14th Dist.] 1997, writ denied) (citations omitted). A duty to disclose also arises "when one party knows that the other party is ignorant of the true facts and does not have an equal opportunity to discover the truth." *Miller v. Kennedy*
(continued...)

A plaintiff who claims fraud in the inducement under Texas law must prove the basic elements of fraud, as well as an underlying contract that was induced. *Kevin M. Ehringer Enterprises, Inc. v. McData Services Corp.*, 646 F.3d 321, 325 (5th Cir. 2011) (citations omitted); see also *Bohnsack v. Varco, L.P.*, 668 F.3d 262, 277 (5th Cir. 2012) ("Fraud claims that depend on the existence of an enforceable contract are properly styled as fraudulent inducement claims, not common law fraud claims."); *Formosa Plastics Corporation USA v. Presidio Engineers and Contractors, Inc.*, 960 S.W.2d 41, 46 (Tex. 1998) ("Texas law has long imposed a duty to abstain from inducing another to enter into a contract through the use of fraudulent misrepresentations. . . . [This] legal duty . . . is separate and independent from the duties established by the contract itself.").

Enopoly asserts that MLM "never alleges (a) any fiduciary or other relationship, (b) any partial disclosure by Enopoly, or (c) that Enopoly discovered some new information that might give rise to a duty for Enopoly to disclose that it did not own Credit Antidote or that Credit Antidote – as opposed to Enopoly – would be managing Plaintiff's store." Brief at 5. MLM's claim for fraud omits information required under the heightened pleading standard of Rule 9(b) as MLM never states "with particularity" the facts or circumstances upon which it bases its

---

[4](...continued)
& *Minshew*, 142 S.W.3d 325, 345 (Tex. App. – Fort Worth 2003, pet. denied) (citation omitted).

claim. See *Williams*, 112 F.3d at 177; see also *Dorsey*, 540 F.3d at 339 ("'[S]imple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b).'") (quoting *Melder v. Morris*, 27 F.3d 1097, 1102 (5th Cir. 1994). MLM does not identify any specific misrepresentation made by Enopoly or any specific material fact that Enopoly had a duty to, but did not, disclose. In addition, MLM's claims are not supported by specific factual allegations sufficient to show that Enopoly knowingly made a misrepresentation or did so with an intent to defraud MLM. Moreover, MLM does not plead any facts tending to show that it justifiably relied – or even how it relied – on any misrepresentation made by Enopoly. Accordingly, Enopoly's motion to dismiss MLM's claim for fraud under Rule 9(b) is granted.

### C. Amendment of Pleadings

Enopoly avers that "[b]ecause Plaintiff cannot – under any set of facts – state a cause of action against Enopoly for fraud or breach of contract, amendment would be futile." Motion at 2. The court agrees. Because MLM did not respond to the motion to dismiss or request an opportunity to amend its pleadings, MLM has "pled [its] best case and granting leave to amend would be futile and cause needless delay." See *Cruz v. CitiMortgage, Inc.*, No. 3:11-CV-2871-L, 2012 WL 1836095, at *7 (N.D. Tex. May 21, 2012) (Lindsay, J.).

### III. CONCLUSION

The court concludes that Enopoly has shown that the plaintiff could prove no set of facts in support of its claims against Enopoly that would entitle the plaintiff to

relief. Accordingly, for the reasons stated above, the motion to dismiss is **GRANTED**, and the claims asserted by MLM against Enopoly are **DISMISSED** with prejudice.

**SO ORDERED**.

May 5, 2023.

_____
**A. JOE FISH**
**Senior United States District Judge**